IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mark Dewayne Bradwell, ) | C/A No. 0:12-1228-TMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Cecilla R. Reynolds, *Warden*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Mark Dewayne Bradwell ("Bradwell"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 14.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 16.) Bradwell filed a motion for judgment of the pleadings and a response in opposition. (ECF No. 21.) The respondent filed a response (ECF No. 22) and Bradwell replied (ECF No. 24). Having carefully considered the parties' submissions and the record in this case, the court finds that Bradwell's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

## BACKGROUND

Bradwell was indicted in February 2005 by the Richland County Grand Jury for second degree burglary (2005-GS-40-5779), kidnapping (2005-GS-40-5780), and first degree assault with intent to commit criminal sexual conduct (2005-GS-40-5781). (App. at 88-93, ECF No. 15-1 at 90-95.) Bradwell was represented by Stacey Owings, Esquire, and on December 8, 2005, pled guilty

pursuant to a negotiated plea to second degree burglary, assault and battery of a high and aggravated nature ("ABHAN"), and attempted rape. (App. at 4-5, ECF No. 15-1 at 6-7.) The circuit court sentenced Bradwell to fifteen years' imprisonment for second degree burglary, ten years' imprisonment for attempted rape, and four years' imprisonment for ABHAN, each sentence to be served consecutively. (App. at 18, ECF No. 15-1 at 20.)

Bradwell timely appealed and was represented by Eleanor Duffy Cleary, Esquire, of the South Carolina Office of Appellate Defense who filed an Anders[1] brief on Bradwell's behalf. (App. at 20-29, ECF No. 15-1.) Bradwell filed a *pro se* response to the Anders brief. (ECF No. 15-3.) On February 8, 2008, the South Carolina Court of Appeals dismissed Bradwell's appeal. (State v. Bradwell, Op. No 2008-UP-86 (S.C. Ct. App. Feb. 8, 2008), Supp. App. at 2-3, ECF No. 15-2 at 4-5.) Bradwell requested an extension of time to file a petition for a writ of certiorari with the South Carolina Supreme Court, which denied his request on February 29, 2008. (ECF No. 15-4.) The court stated in its order that pursuant to Rule 226(a) "this Court will only review a final decision of the Court of Appeals. . . . Since no petition for rehearing or reinstatement has been ruled on by the Court of Appeals, there is no final decision that can be reviewed by this Court and no reason for this Court to grant an extension of time to serve and file a petition for a writ of certiorari." (Id.) The remittitur was issued on March 5, 2008. (ECF No. 15-2 at 3.)

---

[1] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

Page 2 of 9



Bradwell filed an application for post-conviction relief ("PCR") on December 23, 2008. (Bradwell v. State of South Carolina, 08-CP-40-9075, App. at 30-34, ECF No. 15-1 at 32-36.) On November 4, 2009, the PCR court held an evidentiary hearing at which Bradwell appeared and testified and was represented by Bryan Jeffries, Esquire. By order filed February 5, 2010, the PCR court denied and dismissed Bradwell's PCR application with prejudice. (App. at 79-87, ECF No. 15-1 at 81-89.)

Bradwell, through counsel Wanda H. Carter, Esquire, of the South Carolina Office of Appellate Defense, appealed the decision of the PCR court by filing a petition for a writ of certiorari. (ECF No. 15-5.) The State filed a return. (ECF No. 15-6.) By letter order filed October 20, 2011, the South Carolina Supreme Court denied Bradwell's petition for a writ of certiorari. (ECF No. 15-7.) The remittitur was issued on November 8, 2011. (ECF No. 15-8.)

Bradwell filed the instant Petition for a writ of habeas corpus on May 7, 2012.[2] (ECF No. 1.)

**FEDERAL HABEAS ISSUES**

Bradwell raises the following grounds in his federal Petition for a writ of habeas corpus:

**Ground One:** Ineffective assistance of counsel—Erroneous sentencing advice given by plea counsel
**Supporting Facts:** Specifically the Applicant claimed that he was not aware that he would be a candidate for the SVP program, that he thought he was pleading to a non-violent charge, and that he was on medications at the time of the plea.

**Ground Two:** N/A
**Supporting Facts:** Specifically the Applicant claimed that he was not aware that he would be a candidate for the SVP program, that he thought he was pleading to a non-violent charge,

---

[2] There is no stamp from the prison mailroom on the envelope containing the Petition. However, based on the return address and the postmark zip code, it appears that this Petition was mailed from the prison. Therefore, this date reflects the date that the envelope was postmarked. See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



and that he was on medications at the time of the plea. [T]he trial judge erred in accepting appellant's guilty plea for "attempted rape" and then sentencing him for assault with intent to commit criminal sexual conduct in the first degree.

(Pet., ECF No. 1.)

## DISCUSSION

A.     **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth



specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Statute of Limitations**

The respondent argues that Bradwell's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Bradwell filed a direct appeal, his conviction became final on March 5, 2008, the date the South Carolina Court of Appeals entered the remittitur.[3] See Rules 203(b)(2), 221, & 242, SCACR. Accordingly, the limitations period began to run on

---

[3] Because Bradwell did not properly seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort). The court observes that on February 19, 2009, the South Carolina Supreme Court stated that it "will no longer entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an Anders review." State v. Lyles, 673 S.E.2d 811, 813 (S.C. 2009). However, Lyles had not been issued at the time of Bradwell's direct appeal.



March 6, 2008 and expired March 5, 2009, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Bradwell filed his state PCR application on December 23, 2008. At that point, 292 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of Bradwell's PCR action until November 8, 2011, when the South Carolina Supreme Court issued the remittitur from its order denying Bradwell's petition for a writ of certiorari. At this time, Bradwell had 63 days of statutory time remaining, which means that Bradwell had until January 10, 2012 to file a timely federal habeas corpus petition.

Bradwell's federal Petition was filed on May 7, 2012—over three and a half months after the expiration of the statute of limitations.

**C.     Bradwell's Arguments**

In his response to the respondent's motion, Bradwell appears to argue that he is entitled to equitable tolling based on his unsupported assertion that he has been diligently pursuing his claims. (ECF No. 21 at 4.) Additionally, he appears to argue that extraordinary circumstances stood in his way of timely filing his Petition because he has been moved throughout the prison system, and that these movements and the custody level changes are out of his control. (Id.)

To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Bradwell must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 130 S. Ct. 2549 (2010) (concluding that § 2244(d)



is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted); see also Holland, 130 S. Ct. at 2562. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

  Bradwell has not established grounds for equitable tolling. Bradwell has failed to provide sufficient information to demonstrate that he has been pursuing his rights diligently to timely file a federal habeas petition. See Pace, 544 U.S. at 418; see also Holland, 130 S. Ct. at 2562; Pace, 544 U.S. at 419 (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court); Harris, 209 F.3d at 330 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation."). Nor has Bradwell demonstrated how his prison movement or custody status constituted an extraordinary circumstance that would entitle him to equitable tolling. See Corrigan v. Barbery, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances.").

## RECOMMENDATION

Based upon the foregoing, the court finds that Bradwell's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 14) be granted, that Bradwell's motion for judgment on the pleadings (ECF No. 21) be denied, and that Bradwell's Petition be dismissed as untimely.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 28, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).